UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDDIE BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-04750-JRS-DLP |
| GEO GROUP, INC., et al., | ) |
| Defendants. | ) |

**Order Granting Defendants' Unopposed Motion for Summary Judgment**

Plaintiff Freddie Bailey, an Indiana prison inmate brought this action against the GEO Group, Inc., a private contractor operating the New Castle Correctional Facility (New Castle) and six of its employees. Dkt. 1. He contends that the defendants failed to repair his toilet in a timely manner, causing him to be confined in a small cell with a non-working toilet filled with human waste. Mr. Bailey asserted claims under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, the Indiana Religious Freedom Restoration Act, Ind. Code § 34-13-9-1, and Indiana tort and contract law. *Id.* Discovery has concluded and the defendants move for summary judgment. Dkt. 23. Mr. Bailey has not filed a response to the motion and the time for doing so has passed. For the reasons explained below, the defendants' unopposed motion for summary judgment, dkt. [23], is **granted**.

**I. Summary Judgment Legal Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find

for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Undisputed Material Facts

As noted, Mr. Bailey failed to respond to the motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Bailey has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, --- F.3d ---, 2021 WL 2350875 at *2 (7th Cir. June 9, 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Accordingly, the following facts, unopposed by Mr. Bailey and supported by admissible evidence, are accepted as true.

Mr. Bailey alleged that his cell toilet was broken from September 24, 2019, through October 10, 2019. He alleged that correctional officers ignored his requests for help and laughed at him, that he suffered physical and mental distress, and that he was unable to practice his religion,

all due to the unsanitary conditions in his cell. In its screening order, the Court permitted Mr. Bailey to proceed with Eighth Amendment, First Amendment, Religious Land Use and Institutionalized Person Act (RLUIPA), Indiana's Religious Freedom Restoration Act (RFRA), and Indiana state tort claims as pled. Dkt. 6.

New Castle is run by GEO Group, Inc. ("GEO"), a private corporation. In the fall of 2019, Mr. Bailey was incarcerated in cell 211 in the M Unit at New Castle, along with his cellmate Freddie Ricard.[1] Dkt. 1 at 3. Maintenance personnel are present in the Annex portion of New Castle, where Mr. Bailey is housed, and perform various repairs and replacement of items within the housing unit on a daily basis. Dkt. 25-1 at ¶ 9 (Adams affidavit).

Hannah Winningham is a GEO employee and the grievance specialist at New Castle, and she processed two grievances filed by Mr. Bailey. Dkt. 25-2 at ¶¶ 2, 6. Captain Richey Adams is a GEO employee and at the time was the supervisor of defendants Ndiaye, Worth, Sturgeon, Fisher, and Ogike. Dkt. 25-1 at ¶ 4.

On September 17, 2019, a new toilet/sink combo unit was installed in cell 211, Mr. Bailey's cell. Dkt. 25-3 at 1-3. *Id.* On September 19, 2019, Defendant Worth notified Captain Adams that Mr. Bailey's toilet was not working properly. Dkt. 25-1 at ¶ 6; dkt. 25-4. That same day, Captain Adams submitted a request for the toilet to be repaired and noted the issue with the toilet. *Id.* On September 20, 2019, the newly installed toilet was repaired by maintenance. Dkt. 25-3 at 4. Following this repair, the toilet in cell 211 was noted as "working fine now." *Id.*

Although the repairs to the toilet in cell 211 were made and the toilet was reported to be working properly, on October 2 and October 7, 2019, Mr. Bailey submitted grievances to

---

[1] Mr. Ricard pursued similar claims in this Court. *See Ricard v. GEO Group, Inc.,* Case Number 1:19-cv-04747-JMS-DML (S.D. Ind.). Summary judgment was granted in that case for the same defendants here on April 23, 2021. *Id.* at dkt. 21.

Ms. Winningham alleging the toilet was broken. Dkt. 25-2 at ¶ 7; dkt. 1-1 at 3, 5. Ms. Winningham investigated the grievances by contacting maintenance personnel, and she was informed that "maintenance work had occurred, that the matter had been resolved, and that the plumbing in the cell was working properly." Dkt. 25-2 at ¶ 7. On October 8, 2019, she "was informed that the toilet issue had been resolved for some time." *Id.* at ¶ 10. In light of the repeated grievances, maintenance personnel further inspected the toilet on October 10, 2019, and reported back to Ms. Winningham that the toilet was still working properly. *Id.*

As a result of her investigation, each grievance filed by Mr. Bailey was returned as resolved in light of the maintenance to the toilet having previously occurred. Dkt. 25-2 at ¶ 7. Ms. Winningham never received other grievances about the condition of the cell from Mr. Bailey, seeing for the first time the two grievances he submitted with his complaint to commence this action. *Id.* at ¶ 6. In his complaint, Mr. Bailey wrote that he had finally been given a plunger. Dkt. 1 at 6. Captain Adams also confirmed that, at some point, Mr. Bailey was permitted to use a plunger after he requested one. Dkt. 25-1 at ¶ 8.

Mr. Bailey's medical records include a nurse sick call visit on October 13, 2019, where he reported that he had experienced fever and diarrhea due to the stopped-up toilet and standing waste. Dkt. 25-6 at 1-4. Mr. Bailey was referred to a provider and seen on October 15, 2019. *Id.* at 5. The physician, Dr. Nwannunu, did not observe or detect any signs of illness. *Id.* at 6. His preliminary diagnosis was that Mr. Bailey's diarrhea was "probably antibiotics induced." *Id.* Nevertheless, a stool culture was ordered. *Id.* The record does not show the laboratory results.

At no time was Captain Adams made aware of any complaints concerning the guards on the M unit from Mr. Bailey, including the other named defendants. Dkt. 25-1 at ¶¶ 5. Mr. Bailey did not file any grievances about the defendants, and the employment records of the defendants do

not contain any substantiated or unsubstantiated claims of retaliatory or abusive conduct. Dkt. 25-2 at ¶¶ 12–14. Mr. Bailey did not file a grievance alleging that he was unable to practice his religion due to the conditions of his cell, although that is a grievable issue. *Id.* at ¶ 11.

Based on his memory and the records in existence concerning the toilet repair in cell 211, Captain Adams was aware of no extended period of time that Mr. Bailey was without a working toilet. Dkt. 25-1 at ¶ 10. When repairs to Mr. Bailey's toilet occurred, he was moved to another cell where he had access to a working toilet. *Id.* at ¶ 12.

### III. Analysis

#### A. Eighth Amendment Claims

A prison official violates the Eighth Amendment's prohibition on cruel and unusual punishment when the official's act or omission results "in the denial of the minimal civilized measure of life's necessities," and the official committed the act or omission with "deliberate indifference" to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation and quotation marks omitted). "Minimum necessities in prison include 'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (*i.e.*, hot and cold water, light, heat, plumbing).'" *Hill v. Nicholson*, 829 F. App'x 141, 142 (7th Cir. 2020) (quoting *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)).

To establish deliberate indifference, Mr. Bailey must "demonstrate that the defendants acted with knowledge that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014). "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation and quotation marks omitted).

The undisputed evidence shows that a new toilet was installed in Mr. Bailey's cell on September 17, 2019. When it malfunctioned, a work order was placed on September 19, and the toilet was repaired the following day. Whenever work was done on the toilet, Mr. Bailey was placed in a different cell with a functioning toilet.

Mr. Bailey submitted two grievances in early October 2019 to Ms. Winningham complaining that the toilet was not working. Ms. Winningham investigated the claims by contacting maintenance, who checked on the toilet and found it to still be in working order. Mr. Bailey was provided a plunger when he requested one.

Mr. Bailey has submitted no evidence that he was subjected to unconstitutional conditions of confinement. In failing to utilize his opportunity to rebut the defendants' evidence with contrary evidence of his own, Mr. Bailey has remained mute. There is no evidence that the defendants "disregarded t[he] risk [of harm] by failing to take reasonable measures to abate it." *Townsend*, 759 F.3d at 687. The toilet was inspected upon receipt of the grievances, and Mr. Bailey was provided a plunger when he requested one. No reasonable factfinder could find that the officers on Mr. Bailey's unit—defendants Ndiaye, Worth, Sturgeon, Fisher, and Ogike—were deliberately indifferent to the conditions of his cell, and summary judgment must be granted in their favor on Mr. Bailey's Eighth Amendment claims.

### B. Policy or Practice Claims

Mr. Bailey has not identified an unconstitutional or unlawful GEO practice or policy concerning the maintenance of the New Castle facilities. To prove a deliberate indifference claim against GEO, Mr. Bailey must establish (1) that he suffered a constitutional deprivation and (2) that the deprivation was the result of an express policy or custom of GEO, or due to its failure to define and implement a necessary policy. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir.

2017). Mr. Bailey has failed to provide evidence that the individual defendants were deliberately indifferent to the conditions in his cell. It is well established that where there is no evidence of any constitutional violation, any claim based on an unconstitutional policy necessarily fails. *Houskins v. Sheahan*, 549 F.3d 480, 493-94 (7th Cir. 2008) (collecting cases). Moreover, the evidence shows that maintenance staff responded quickly to repair Mr. Bailey's toilet when it was reported to be inoperative. On these unrebutted facts, no reasonable factfinder could conclude that any of the defendants were deliberately indifferent to an unconstitutional condition of confinement.

### C. RLUIPA and the First Amendment

In his complaint, Mr. Bailey alleged that the conditions in his cell interfered with his ability to practice his Christian religion. Dkt. 1 at 8. As such, he claims that violations of the First Amendment and RLUIPA occurred.

RLUIPA provides broader protection of religious practice than the First Amendment, *see Holt v. Hobbs*, 574 U.S. 352, 357-58 (2015), so the Court will apply RLUIPA's standard to Mr. Ricard's claim. Under RLUIPA, the IDOC may not impose "a substantial burden on the religious exercise" of inmates, unless it "demonstrates that imposition of the burden . . . (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). A substantial burden is one that "'seriously' violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015) (quoting *Schlemm v. Wall*, 784 F.3d 362, 364–65 (7th Cir. 2015)). The inmate "bears the burden of persuasion on the issue of whether the challenged practices substantially burden the exercise of their religion." 42 U.S.C. § 2000cc–2(b); *Holt*, 574 U.S. at 361. Once the inmate establishes a substantial burden on his exercise of religion, the burden shifts to the defendants to show that their actions were "(1) . . . in furtherance of a compelling governmental

7

interest; and (2) . . . the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

The undisputed evidence shows that when the toilet in Mr. Bailey's cell required maintenance, the toilet was promptly repaired. Mr. Bailey did not file any grievance alleging he was unable to practice his religion due to unsanitary conditions in his cell. Thus, there is no evidence that the actions of the defendants in any way imposed on Mr. Bailey's free practice of his religion. Summary judgment is granted for the defendants on Mr. Bailey's RLUIPA and First Amendment claims.

### D. State-Law Claims

Mr. Bailey's tort and RFRA claims are brought under Indiana law. Because they were joined with his Eighth Amendment, RLUIPA, and First Amendment claims, the Court exercised supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367. With all federal claims now dismissed, the Court must determine whether it is appropriate to continue to exercise supplemental jurisdiction over the state-law claims. The Court determines that it is not, and declines to exercise supplemental jurisdiction on these claims and dismisses them without prejudice.

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *RWJ Management Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012).

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Int'l Coll. of Surgeons*, 522 U.S. at 173. The presumption may be rebutted (1) if dismissal of the state claim would create problems under the statute of limitations; (2) if the court has "devoted substantial resources to the dispute;" or (3) "if it is easy to resolve the state-law claims." *Id.* (internal citations omitted).

The Court finds no reason to deviate from presumed practice. The statute of limitations will not have run on Mr. Bailey's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). The Court has not expended significant resources on the pending state-law claims, and the Court does not expect that the parties' efforts with respect to those claims in discovery and briefing will go to waste. The evidence and legal research that would have been relevant in a federal case should be every bit as relevant in a state-court proceeding. Finally, as always, comity favors allowing state courts to decide issues of state law.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over Mr. Bailey's state tort and RFRA claims.

### V. Conclusion

For the reasons explained above, the defendants' unopposed motion for summary judgment, dkt. [23], is **granted** insofar as the Court grants summary judgment in the defendants' favor on Mr. Bailey's Eighth Amendment, First Amendment, and RLUIPA claims.

The Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

Final judgment consistent with this Order and the screening Order of January 31, 2020, (dkt. 7) shall now enter. Mr. Bailey's Eighth Amendment, First Amendment, and RLUIPA claims are **dismissed with prejudice**, and his RFRA and state tort claims are **dismissed without prejudice**.

**IT IS SO ORDERED**.

Date: 6/18/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Freddie Bailey
268068
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Adam Garth Forrest
Boston Bever Klinge Cross & Chidester
aforrest@bbkcc.com